Michael E. Piston
Piston & Carpenter P.C.
Attorneys for the Plaintiff
314 Town Center
Troy, MI 48084
Phone 248-524-1936
Fax 248-680-0627

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SRINIVAS KOMPELLA**<br>5836 Willow Drive<br>Ypsilanti, MI 48197**,**<br><br>**LAKSHMI SOUDHA KOMPELLA**<br>5836 Willow Drive<br>Ypsilanti, MI 48197**,**<br><br>**SINDHURA KOMPELLA**<br>5836 Willow Drive<br>Ypsilanti, MI 48197**,**<br><br>**SANTHOSH SRI KRISHNA KOMPELLA**<br>5836 Willow Drive<br>Ypsilanti, MI 48197**,**<br><br>Plaintiffs,<br><br>     vs.<br><br>**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES**<br>20 Massachusetts Avenue, NW<br>Washington, DC 20529<br><br>Defendant. | Case No.:<br><br>COMPLAINT |

# COMPLAINT

# DESCRIPTION OF ACTION

1.  This action is brought pursuant to the Administrative Procedure Act, 5
    U.S.C. § 701 *et. seq*., by plaintiffs, Srinivas Kompella, Lakshmi Soudha
    Kompella, Sindhura Kompella, and Santhosh Sri Krishna Kompella, against
    the defendant, United States Citizenship and Immigration Services
    (USCIS), seeking judicial review of the USCIS decisions in Files LIN-16-
    905-24216, LIN-16-905-24222, LIN-16-905-24219, and LIN-16-905-
    24225, denying each plaintiff's Form I-485, as well as by Srinivas
    Kompella, individually, seeking judicial review of the USCIS decision in
    EAC-04-143-52622 / A089162195 revoking a Form I-140 approved upon
    his behalf.

2.  Inasmuch as each of these decisions were premised upon one or more legal
    errors, they were not in accordance with law and should all be held unlawful
    and set aside.  5 U.S.C. § 706(2).

## DESCRIPTION OF THE PARTIES

3.  Plaintiffs are citizens and nationals of India, currently residing in the city of Ypsilanti, county of Washtenaw, state of Michigan.

4.  The United States Citizenship and Immigration Services is an agency within the Department of Homeland Security with, among other things, responsibility for the adjudication of Forms I-485, Application to Register Permanent Residence or Adjust Status, filed by noncitizens to change their U.S. immigration status to those of aliens lawfully admitted for permanent residence.

## JURISDICTION

5.  This being a civil action against the United States arising under the Immigration and Nationality Act, 8 U.S.C. § 1101 et. seq., and the Administrative Procedure Act, 5 U.S.C. § 701 et seq., both laws of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

## VENUE

6. This Court has venue over this matter under 28 U.S.C. § 1391(e)(1)(C) in that the defendant resides in this judicial district.

## BRIEF NARRATIVE OF PERTINENT FACTS

7. Plaintiff Srinivas Kompella was most recently admitted to the United States on approximately May 25, 2000 as a nonimmigrant pursuant to 8 U.S.C. § 1101(a)(15)(h)(i)(B), commonly referred to as an H-1B nonimmigrant. He has never departed from the U.S. since that date.

8. Plaintiff Lakshmi Soudha Kompella was most recently admitted to the United States on approximately March 29, 2012 as a parolee pursuant to 8 C.F.R. § 212.5(f). She has never departed from the U.S. since that date.

9. Plaintiff Sindhura Kompella was most recently admitted to the United States on approximately February 28, 2012 as a parolee pursuant to 8 C.F.R. § 212.5(f). She has never departed from the U.S. since that date.

10. Plaintiff Santhosh Sri Krishna Kompella was most recently admitted to the United States on approximately April 9, 2011 as a parolee pursuant to 8 C.F.R. § 212.5(f). He has never departed from the U.S. since that date.

11.  On April 30, 2001, Object Model, Inc., a U.S. employer, filed a form ETA

750, Application for Alien Employment Certification, upon behalf of

Srinivas Kompella with the Michigan Department of Career Development, a

local office of the U.S. Department of Labor.

12.  This application was not patently without substance.

13.  On September 19, 2003 another Application for Alien Employment

Certification was filed upon Mr. Kompella's[1] behalf, this time by Real

Technologies, USA, Inc. (Real Technologies), a U.S. employer, with a

branch of the Pennsylvania Department of Labor acting as a local office of

the U.S. Department of Labor, offering him the job of a Software Engineer.

14.  Following the approval of this application on March 10, 2004, Real

Technologies filed a Form I-140, Immigrant Petition for Alien Worker,

upon Mr. Kompella's behalf with the USCIS which was approved on June

23, 2005, classifying him as an immigrant under 8 U.S.C. § 1153(a)(3)(A)(i)

or (ii).

15.  On July 2, 2007, all of the plaintiffs each filed an individual Form I-485,

Application to Adjust to Permanent Resident Status, with the USCIS.

16.  More than a year after filing his Form I-485, Mr. Kompella filed with the

USCIS a letter from Superior Tech Inc., a U.S. employer, confirming that it

had offered him full time employment as a Software Engineer.

---

[1] Throughout this complaint, the plaintiffs' use of the name "Mr. Kompella" shall refer only to Srinivas Kompella.

17. On May 23, 2012 the USCIS issued a notice of intent to revoke Real Technologies' I-140 upon Mr. Kompella's behalf.

18. USCIS did not inform neither Mr. Kompella nor Superior Tech Inc. of its intent to revoke this petition.

19. On July 1, 2012, Mr. Kompella commenced employment as a Software Engineer with Amerisoft Corporation (Amerisoft).

20. On August 31, 2012, the USCIS revoked Real Technologies' Form I-140 upon Mr. Kompella's behalf.

21. The USCIS revoked Real Technologies I-140 upon Mr. Kompella's behalf for the following claimed reasons:

> 1. "The petitioner has failed to establish the job opportunity was open to any U.S. worker and also failed to establish that U.S. workers who applied for the job opportunity were rejected for lawful job-related reasons. As a result of not providing the requested evidence, the petitioner also failed to establish the petitioner conducted the recruitment process in conjunction with the DOL's supervised recruitment process or the DOL's reduction in recruitment process."
> 2. "(T)he petitioner has not established the beneficiary meets the training requirements on the ETA."
> 3. "(T)he evidence does not establish that the petitioner had the ability to pay the proffered wage at the time the priority date was established and continuing to the present."
> 4. "(T)he petitioner is no longer conducting business in the same SMSA listed on the labor certification, thus nullifying the labor certification. Therefore, the petition is denied for the absence of a valid labor certification." The Notice also relied upon its determination that "The petitioner failed to provide any evidence that the 5836 Willow Ridge Drive Ypsilanti, MI 48197 address, the 226 Paul Street address or the 301 W. Michigan Avenue address is a valid work location for the beneficiary or any of the petitioner's other employee" to come to the same conclusion.

> 5.    Because the petitioner supposedly made a material
> misrepresentation on the application for labor certification "the ETA
> 750 is being invalidated pursuant to 20 C.F.R. part 656. ... . As the
> petitioner does not have a valid Form ETA 750, the petitioner does
> not meet the requirements for classification of the beneficiary as a
> skilled worker."

22. On September 17, 2012, all of the plaintiffs' Forms I-485 were denied by

USCIS solely on account of the revocation of Real Technologies' I-140

upon behalf of Mr. Kompella.

23. On approximately October 9, 2012, Mr. Kompella filed a motion with the

USCIS to reopen the denial of his I-485, supported by a letter from

Amerisoft dated October 2, 2012 informing USCIS that it had offered him

employment as a Software Engineer.

24. In that motion Mr. Kompella argued that the Forms  I-485 denials regarding

him and his family should be vacated because "(t)he principal applicant has

taken a new offer of employment in the same or similar occupational

classification as the offer of employment for which the 1-140 petition was filed

on. Notwithstanding that the 1-140 petitioner revoked its petition, the principal

applicant has met the requirements of AC21 Section 106(c) by 'porting' to the

new permanent employer."

25. The USCIS approved the motion to reopen and received the evidence, but

nevertheless denied Mr. Kompella's Form I-485. USCIS found that Real

Technologies' Form I-140 was revoked for cause, and was therefore not approvable when filed, making it invalid for porting purposes.

26.  Mr. Kompella filed another motion to reopen or in the alternative to reconsider the denial of his I-485 on December 6, 2013 in which he disputed the grounds upon which Real Technologies' Form I-140 was denied.

27.  In its decision of April 23, 2014 reopening Mr. Kompella's Form I-485 but once more denying it, the USCIS held that Mr. Kompella had no standing to challenge the bases for the revocation of Real Technologies' Form I-140, opining that:

> The motion submitted herein relates to the Form 1-485 filed by the applicant. The applicant is not an affected party in the I-140 proceedings and thus may not file to reopen those proceedings. The term "affected party" means the person or entity with legal standing in a proceeding. It does not include the beneficiary of a visa petition. 8 C.F.R. § 103.3(a)(1)(iii)(B). The party affected in visa petition cases is the petitioner, and the beneficiary does not have standing to move to reopen the proceedings. *Matter of Dabaase,* 161&N Dec. 720 (BIA 1979).
>
> Thus, evidence submitted in support of Form 1-140 is not necessarily pertinent to these proceedings.

28.  On approximately May 27, 2014 Mr. Kompella filed a third motion to reopen, again challenging the denial of the I-485 on the grounds that there was no valid basis for the I-140 revocation which caused it.

29.  Again, the USCIS rejected Mr. Kompella's claim to have standing to dispute the basis for the revocation, holding that:

> The motion submitted herein relates to the Form I-485 filed by the

applicant. The applicant is not an affected party in the 1-140 proceedings and thus may not file to reopen the 1-140 proceedings. The term "affected party" means the person or entity with legal standing in a proceeding. It does not include the beneficiary of a visa petition. 8 C.F.R. § 103.3(a)(1)(iii)(B). The party affected in visa petition cases is the petitioner, and the beneficiary does not have standing to move to reopen the proceedings. *Matter of Dabaase,* 16 I&N Dec. 720 (BIA 1979).

30.  Accordingly, the USCIS reopened the I-485 proceedings but left the denial of the I-485 undisturbed, holding that inasmuch as Real Technologies' I-140 upon Mr. Kompella's behalf has been revoked, it cannot be ported to a new employer pursuant to 8 U.S.C. § 1154(j).

31.  On March 14, 2016 the plaintiffs each filed new Forms I-485 with the USCIS.

32.  The basis for Srinivas Kompella's Form I-485 is as set forth in the cover letter filed with that application which is attached as Exhibit 1 and incorporated herein by reference.

33.  The wife and children of Srinivas Kompella filed their own forms I-485 as following to join Mr. Kompella under 8 U.S.C. § 1153(d).

34.  On July 18, 2016 the USCIS denied Mr. Kompella's Form I-485 for the reasons set forth in its decision of that date attached as Exhibit 2.

## STATEMENT OF APPLICABLE LAW

35.  In an action under the Administrative Procedure Act, "(t)he reviewing court shall—**…** hold unlawful and set aside agency action, findings, and conclusions found to be—**… (2)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

## COUNT I

**THE USCIS DID NOT  ACT IN ACCORDANCE WITH LAW  WHEN IT FAILED TO PROVIDE SRINIVAS KOMPELLA AND/OR SUPERIOR TECHNOLOGY INC NOTICE OF AND THE OPPORTUNITY TO RESPOND TO THE USCIS'S INTENTION TO REVOKE REAL TECHNOLOGIES' FORM I-140 UPON MR. KOMPELLA'S BEHALF**

36.  8 U.S.C. § 1154(j) provides that "(j)ob flexibility for long delayed applicants for adjustment of status to permanent residence.--A petition under subsection (a)(1)(D)[sic]2 for an individual whose application for adjustment of status pursuant to section 245 has been filed and remained unadjudicated for 180 days or more shall remain valid with respect to a new job if the individual changes jobs or employers if the new job is in the same or a similar occupational classification as the job for which the petition was filed."

37.  The USCIS acted inconsistently with § 1154(j) by providing notice of an intent to revoke on May 23, 2012 neither i) to an alien beneficiary who has

---

2 Probably should be subsection (a)(1)(F).

availed himself of the portability provisions to move to a successor

employer nor ii) to the successor employer, who is not the original I-140

petitioner, but who, as contemplated by § 1154(j), has in effect adopted the

original I-140 petition. *Mantena v. Johnson*, 809 F.3d 721, 736 (2d Cir.

2015). *See also Musunuru v. Lynch*, 2016 U.S. App. LEXIS 14188 (7th Cir.

2016) ("Congress intends for the successor employer to adopt the ported I-

140 petition filed by the worker's previous employer").

38.  Following the issuance of the Notice of Intent to Revoke Mr. Kompella

again changed his employer to Amerisoft, Inc. with whom he commenced

employment on July 1, 2012 as a Software Engineer.


WHEREFORE this Court should hold unlawful and set aside the USCIS's

decision of August 31, 2012 revoking Real Technologies Inc.'s I-140 upon

behalf of Srinivas Kompella, and remand this matter to the agency with the

instructions that if it should issue a new Notice of Intent to Revoke in this

matter, it should provide notice and an opportunity to respond to the same to

Srinivas Kompella and  his successor employer pursuant to 8 U.S.C. § 1154(j),

which is currently Amerisoft, Inc. The Court should further hold unlawful and

set aside the denial of each of the plaintiffs' Forms I-485 inasmuch as they were

all denied solely on the basis of the denial of Real Technologies' Form  I-140

upon behalf of Mr. Kompella.

## COUNT II

THE USCIS DID NOT ACT IN ACCORDANCE WITH LAW IN DENYING THE PLAINTIFFS' FORMS I-485

## COUNT II-A

THE USCIS DID NOT ACT IN ACCORDANCE WITH LAW IN DENYING PLAINTIFFS' FORMS I-485 MERELY BECAUSE REAL TECHNOLOGIES, INC'S I-140 UPON SRINIVAS KOMPELLA'S BEHALF HAD BEEN REVOKED WHERE THAT I-140 STILL REMAINED VALID PURSUANT TO MATTER OF AL WAZZAN BECAUSE IT HAD BEEN APPROVED BY A USCIS OFFICER, MR. KOMPELLA WAS ENTITLED TO SKILLED WORKER CLASSIFICATION AT THE TIME OF ITS APPROVAL AND HE HAD CHANGED TO A NEW EMPLOYER TO PERFORM WORK IN THE SAME OCCUPATION MORE THAN 180 DAYS AFTER FILING HIS I-485

39. Although Real Technologies' I-140 was revoked on August 31, 2012 due to its failure to respond to a notice of intent to revoke, it nevertheless was valid for "porting" purposes under 8 U.S.C. § 1154(j) of on July 1, 2012, the day Srininas Kompella "ported" to Amerisoft, and thereafter, because it was approved by a USCIS officer and Mr. Kompella was entitled to skilled worker classification under 8 U.S.C. 1153(a)(3)(i) on that date. *Matter of Al Wazzan*, 25 I&N Dec. 359, 367 (AAO 2010).

40.  Accordingly, the USCIS did not act in accordance with law in denying the plaintiffs' Forms I-485 on the grounds that Mr. Kompella did not have a valid I-140 following its revocation.

## COUNT II-B

**THE USCIS DID NOT ACT IN ACCORDANCE WITH LAW IN DENYING THE PLAINTIFFS' FORMS I-485 BECAUSE SRINIVAS KOMPELLA DID NOT INTEND TO WORK FOR REAL TECHNOLOGIES ON THE DATE HE FILED HIS I-485**

41.  The Form I-485 filed by Srinivas Kompella on July 1, 2007 had remained unadjudicated for well over 180 days when he changed his employer to Amerisoft, Inc. on July 1, 2012.

42.  For the reasons stated in Count II-A Real Technologies' Form I-140 was still valid when Mr. Kompella changed his employer to Amerisoft and continues to be valid to this day.

43.  As a consequence of 8 U.S.C. § 1154(j) Amerisoft becames the successor to the rights of Real Technologies' in its Form I-140 upon Mr. Kompella's behalf as of July 1, 2012, and therefore Mr. Kompella's intent to be employed by Amerisoft satisfied the requirement that he intend to be employed by his I-140 petitioner when he filed a Form I-485 based upon that petition.

44.  Mr. Kompella did intend to work for Amerisoft when he filed his second I-485 on March 14, 2016, and still intends to.

45. Accordingly, the USCIS did not act in accordance with law in denying the plaintiffs' Forms I-485 because Srinivas Kompella did not intend to work for Real Technologies on the date he filed his second I-485.

WHEREFORE this Court should hold unlawful and set aside the USCIS's decision of July 18, 2016 denying Srinvas Kormpella's Form I-485. The Court should further hold unlawful and set aside the denial of each of the plaintiffs' Forms I-485 inasmuch as they were all denied solely on the basis of the denial of Mr. Kompella's Form I-485.

Respectfully submitted this 17th day of August, 2016.

s/*Michael E. Piston*
Michael E. Piston (MI 002)
Piston & Carpenter P.C.
Attorneys for the Plaintiff
314 Town Center
Troy, MI 48084
Phone 248-524-1936
Fax 248-680-0627